1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KENNETH WAYNE MILLS,                      No.  2:17-CV-0152-JAM-DMC-P

12              Plaintiff,

13        v.                                   FINDINGS AND RECOMMENDATIONS

14   ROBERT W. FOX, et al.,

15              Defendants.

16

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).

19              The court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

21   § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23   from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This

26   means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d

27   1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

28   complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

                                              1

rests.  See <u>Kimes v. Stone</u>, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) Robert W. Fox, the Warden of the California Medical Facility; and (2) A. Goodson, a correctional counselor at the California Medical Facility.  <u>See</u> Doc. 1, p. 2 (plaintiff's complaint).  Plaintiff states that he has asked defendant Goodson if he could access his central file in order to prepare a habeas corpus petition to be filed in state court raising issues relating to calculation of plaintiff's release date.  <u>See id.</u> at 3.  According to plaintiff, defendant did not respond to his requests or inmate appeals regarding access to his central file, thereby thwarting his ability to file a habeas petition.  <u>See id.</u>  Next, plaintiff claims he was "made to sleep on a block of concrete with a thin mattress."  <u>Id.</u> at 4.  Plaintiff also states that his attempts to file inmate grievances regarding the conditions of his confinement have been thwarted, though he does not say by whom.  <u>See id.</u>

## II.  DISCUSSION

The court finds plaintiff's complaint is sufficient for service as to his claim that defendant Goodson interfered with plaintiff's access to the courts by refusing to address plaintiff's requests to see his central file.  By separate order issued herewith, the court will direct plaintiff to submit the documents necessary for service of process on defendant Goodson by the United States Marshal.  The complaint does not, however, state a cognizable claim to the extent plaintiff alleges unconstitutional conditions of confinement or that he was prevented from pursuing claims related to the conditions of his confinement.  The complaint also fails to state a claim as against defendant Fox, the prison warden.  On October 25, 2018, the court advised plaintiff of these defects and provided plaintiff an opportunity to file an amended complaint

within 30 days.  Plaintiff was informed the action would proceed on the original complaint is plaintiff elected not to file an amended complaint.  To date, plaintiff has not filed an amended complaint.

### A.    Claims Related to Conditions of Confinement

Plaintiff appears to assert two claims related to the conditions of confinement. First, plaintiff suggests that his Eighth Amendment rights were violated because he was forced to sleep on a concrete block with only a thin mattress.  Second, plaintiff asserts that his ability to pursue redress concerning the conditions of confinement has been thwarted by prison officials' refusal to process inmate appeals.  Plaintiff has not, however, alleged any connection between these claims and either named defendant or any other individual.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Plaintiff was provided an opportunity to amend and failed to do so.

### B.    Claims Against Defendant Fox

The complaint contains no specific allegations as to defendant Fox, other than the allegation that he is the prison warden.  Supervisory personnel are generally not liable under § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed

3

the violations.  See id.  The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act.  See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution."  Iqbal, 662 U.S. at 676.

Plaintiff was provided an opportunity to amend and failed to do so.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

4

# III. CONCLUSION

Based on the foregoing, the undersigned recommends that:

1.       Plaintiff's claims against defendant Fox be dismissed without further leave to amend for failure to state a claim;

2.       Plaintiff's claims related to the conditions of his confinement be dismissed without further leave to amend for failure to state a claim; and

3.       This action proceed on the original complaint on plaintiff's access to the court's claim against defendant Goodson only.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 6, 2018

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE